U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 6 2005

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

TAMBA KAMARA,
      Petitioner

CIVIL ACTION
NO. CV05-0576-M

VERSUS

ALBERTO GONZALES, et al.,
      Respondent

JUDGE ROBERT G. JAMES
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Tamba Kamara ("Kamara") on March 31, 2005. Kamara, a native of Sierra Leone, is contesting his continued detention by the U.S. Immigration and Customs Enforcement ("ICE"), pending his removal from the United States, since February 2003, when he was ordered removed. For relief, Kamara asks the court to issue a writ of habeas corpus ordering the INS to release him pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). Kamara contends there is no significant likelihood that he will be removed in the reasonably foreseeable future because of a civil war taking place in Sierra Leone. On August 17, 2005, Kamara filed an "expedited motion" for "judgment on the pleadings" and for summary judgment (Doc. Item 18), contending Respondents had been ordered by the court to remove Kamara and had failed to do so.

First, it is noted that this court has not ordered the

Respondents to remove Kamara. Therefore, Kamara's "expedited motion" for judgment on the pleading and summary judgment (Doc. Item 18) should be denied.

As for Kamara's habeas petition, in <u>Zadvydas</u>, 533 U.S. at 701, 121 S.Ct. at 2505, the court concluded that pre-removal detention up to six months was presumptively reasonable, and explained the burdens of proof thereafter as follows:

> "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Respondents show in their supplemental response to Kamara's petition (Doc. Item 17), through the August 9, 2005 affidavit of Timothy Pelamati, a deportation officer for the Atlanta District of ICE (Gov. Ex. 1), that Kamara is scheduled for removal to Sierra Leone within fifteen days.

Since the Respondents have shown there is a significant likelihood that Kamara's removal will take place in the reasonably foreseeable future, Kamara is not entitled to release pending removal at this time. Contrast, <u>Clark</u>, 125 S.Ct. at 727. Of course, Respondents should immediately inform the court when

Kamara's removal has ben effected. Likewise, Kamara may move to have this matter reopened if the Respondent's do not remove him as stated in their pleadings.

Therefore, Kamara's habeas petition and "expedited motion for judgment on the pleadings" should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Kamara's "expedited motion" for judgment on the pleadings and for summary judgment (Doc. Item 18) be DENIED.

IT IS ALSO RECOMMENDED that Kamara's Section 2241 petition for habeas relief be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

**ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this $\frac{26R}{}$ day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE